IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                   CIVIL ACTION NO. 1:97CR4-05
                                                           (Judge Keeley)

**COREY HINES,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR EXPUNGEMENT [DKT. NO. 433]**

Pending is the pro se motion for expungement filed by the defendant, Corey Hines ("Hines"), asking the Court to expunge his arrest and criminal record in this case. Because the Court lacks jurisdiction to grant Hines the relief he requests, it **DENIES** the motion.

**I. BACKGROUND**

On February 4, 1997, Hines, together with six others, was charged in two counts of a fifty-one count indictment. Those counts included (1) knowingly and intentionally possessing with intent to distribute cocaine, and (2) distribution of cocaine. Following a trial, Hines was acquitted by a jury on both counts. Ten years later, he filed this motion seeking to expunge any record of his arrest and trial (dkt. no. 433). In support, he argues that he has become a mentor for local youth, has supported fund-raising and a

scholarship to promote awareness of gun violence, and has coached and mentored collegiate basketball players. Additionally, he notes that he has had no arrests since the 1997 incident and has been an upstanding citizen in the community. Expungement would help Hines advance his career and continue his work in the community.

## II. DISCUSSION

The Court must answer two question regarding the motion for expungement. First, does any statutory or regulatory authority support expungement? Second, does the Court have jurisdiction to consider the motion for expungement? The answer to both questions is no.

There is no statute or regulation authorizing the expungement of the records of Hines's arrest and trial. Although there are statutes that permit expungement for overturned convictions or to correct inaccurate government records, these do not provide for the kind of equitable relief Hines seeks. <u>See e.g.</u>, 10 U.S.C. § 1565(e), 42 U.S.C. § 14132(d), 18 U.S.C. § 3607(c), and 5 U.S.C. § 552a(g).

The only colorable jurisdictional basis for his requested relief is the doctrine of ancillary jurisdiction. Despite the limited jurisdiction of federal courts, the Supreme Court of the

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR EXPUNGEMENT [DKT. NO. 433]**

United States has recognized that federal courts do possess "ancillary jurisdiction . . . over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 378 (1994). Kokkonen held that federal courts may invoke the doctrine of ancillary jurisdiction where necessary "to permit disposition by a single court of claims that are . . . factually interdependent," and "to enable a court to function successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees." Id. at 379-80.

Since Kokkonen, seven circuit courts of appeals have held that district courts lack ancillary jurisdiction to hear requests for expungement of criminal records on purely equitable grounds. Beginning with United States v. Sumner, the Ninth Circuit concluded that a "district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis alleged by the defendant is that he or she seeks equitable relief." 226 F.3d 1005, 1015 (9th Cir. 2000). Similarly, the Second Circuit and Eighth Circuit have held that district courts lack ancillary jurisdiction to hear motions for expungement in cases involving lawful convictions. See also Doe v. United States, 833 F.3d 192 (2d Cir. 2016) (holding that district court

"lacked jurisdiction to consider [petitioner's] motion to expunge records of a valid conviction"); United States v. Meyer, 439 F.3d 855 (8th Cir. 2006) (concluding that, "in light of Kokkonen, . . . ancillary jurisdiction does not extend to expungement of a criminal conviction where the petitioner asserts solely equitable grounds").

The First and Third Circuits have expounded on the impact of Kokkonen, explaining that, even in cases resulting in acquittal, "Kokkonen forecloses any ancillary jurisdiction to order expungement." United States v. Coloian, 480 F.3d 47 (1st Cir. 2007); see also United States v. Dunegan, 251 F.3d 477 (3d Cir. 2001) (finding that "a District Court does not have jurisdiction to expunge a criminal record, even when ending in an acquittal").

Other circuit courts have concluded that Kokkonen goes even further, holding that district courts lack ancillary jurisdiction to expunge criminal records even in those cases where charges against the defendant are dismissed. See United States v. Field, 756 F. 3d 911 (6th Cir. 2014) ("[Federal courts lack ancillary jurisdiction over motions for expungement that are grounded on purely equitable considerations—e.g., motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities").

**UNITED STATES V. HINES**                                              **1:97CR4-05**

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION FOR EXPUNGEMENT [DKT. NO. 433]

In a recent decision, the Seventh Circuit addressed a case similar to <u>Field</u>, in which the government had dismissed all charges against the movant. <u>See</u> <u>United States v. Wahi</u>, 850 F.3d 296 (7th Cir. 2017). In <u>Wahi</u>, the Seventh Circuit reversed its earlier decision in <u>United States v. Flowers</u>, 389 F.3d 737 (7th Cir. 2004), and concluded that, in light of <u>Kokkonen</u>, a "district court lacks ancillary jurisdiction to hear requests for equitable expungement."[1] 850 F.3d at 303. Notably, the Seventh Circuit made the following observation:

> With this holding we join five of our sister circuits, each of which has read <u>Kokkonen</u> to preclude the assertion of ancillary jurisdiction over a request to expunge judicial records on purely equitable grounds. No circuit has rejected this understanding of <u>Kokkonen</u>. Our status as an outlier is another compelling reason to overrule.

<u>Id.</u> (internal citations omitted).

---

[1] <u>Flowers</u>, a post-<u>Kokkonen</u> decision, had, curiously, not even mentioned <u>Kokkonen</u>. In <u>Flowers</u>, the Seventh Circuit concluded that the district court lacked jurisdiction to expunge executive branch records, but could expunge judicial records. 389 F.3d at 738-39. Nonetheless, based on the balancing test utilized in that circuit at the time, the appeals court concluded that difficulties in securing employment were not enough to tip the scales in favor of the defendant, and he therefore was not entitled to the equitable relief he sought. <u>Id.</u> at 739-40. The <u>Wahi</u> decision overruled <u>Flowers</u>, as well as the case on which it largely relied, <u>United States v. Janik</u>, 10 F.3d 470, 472 (7th Cir. 1993), and held that district courts do not have ancillary jurisdiction to hear motions for expungement, even of judicial records, except in those circumstances outlined in <u>Kokkonen</u>.

The Fourth Circuit, however, has not addressed this issue since Kokkonen was decided. Prior to Kokkonen, it had recognized a district court's ancillary jurisdiction to hear requests for expungement in certain limited circumstances. See Allen v. Webster, 742 F.2d 153 (4th Cir. 1984). But, in doing so, Allen directed courts to reserve their power of expungement for "extreme or exceptional circumstances," noting that the power to expunge "is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case." Id. at 155 (quoting United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977)).

Inasmuch as the Fourth Circuit has not revisited its decision in Allen since Kokkonen, the Court must determine whether, following Kokkonen, its ancillary jurisdiction permits it to hear a request such as that filed by Hines. District courts in the Fourth Circuit that have had an opportunity to address this question have answered it differently. Several have concluded that there is no ancillary jurisdiction to equitably expunge a lawful conviction. See, e.g., United States v. Rumfelt, No. 1:12-cr-00012-MR-DLH-3, 2016 WL 4499459 (W.D.N.C. Aug. 26, 2016) (concluding that no statutory grounds or ancillary jurisdiction for equitable expungement of conviction existed); United States v. Bowen, No.

5:92CR174, 2015 WL 2144012 (N.D.W. Va. May 7, 2015) (finding that the court lacked ancillary jurisdiction to hear the request for expungement of conviction); United States v. Ware, 2015 WL 2137133 (N.D.W.V. May 7, 2015)(same, distinguishing case from Allen because Allen dealt with acquittal, not a conviction). Two, however, have concluded that ancillary jurisdiction does exist when a defendant is seeking expungement of an acquittal, or when charges have been dismissed. See United States v. McKnight, 33 F. Supp. 3d 577 (D. Md. 2014)(finding that the court possessed ancillary jurisdiction to expunge defendant's arrest record following dismissal of all counts in order to effectuate its decrees); United States v. Allen, 57 F. Supp. 3d 533 (E.D.N.C. 2014)(concluding that the court had jurisdiction to expunge arrest records and dismissed charges, but denying motion on the merits). Neither court, however, assessed the impact of Kokkonen in deciding to expunge records on equitable grounds.

That, following Kokkonen, every circuit court to have addressed this issue has concluded that no ancillary jurisdiction exists to hear a request for equitable expungement of an arrest following acquittal persuades this Court that it lacks jurisdiction to grant equitable expungement.

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR EXPUNGEMENT [DKT. NO. 433]**

In the first place, Hines has not met either ground for exercising ancillary jurisdiction recognized in Kokkonen. The grounds asserted in his motion are not factually interdependent with the underlying criminal case, but instead rely on twenty years of laudable progress occurring well after his acquittal and the completion of the criminal case. Nor would expungement somehow enable the Court to vindicate its authority or effectuate its decree in the criminal case.

Furthermore, even under the narrow exception for expungement of records where constitutional claims are implicated that was recognized in Allen,[2] the type of "exceptional circumstances" warranting expungement are not present here. Allen, 742 F.2d at 155 (quoting United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977), cert. denied, 435 U.S. 907 (1978)). In Allen, the defendant sought expungement of information related to his arrest and trial for the possession and manufacture of heroin in a North Carolina state court. Id. at 153. Although acquitted on the felony drug charges, his fingerprints and a record of his arrest and subsequent acquittal on those charges had been entered into the National Crime Information Center. That entry subsequently

---

[2] See Field, 756 F.3d at 915; Coloian, 480 F.3d at 49 n.4; Meyer, 439 F.3d; Dunegan, 251 F.3d; Sumner, 226 F.3d

impacted Allen's chances of obtaining federal employment. Under those circumstances, the Fourth Circuit held that the district court had not "abuse[d] its equitable discretion" by refusing to expunge the federal and state records of the defendant where he had failed to exhaust administrative remedies that may have prevented his arrest records from being considered by prospective employers in the first place.

In his motion, Hines recounts his many laudable accomplishments subsequent to his acquittal, but he fails to raise any constitutional claims supporting expungement. Hines has not suggested that he was unlawfully arrested or that a government agency engaged in misconduct. See Allen, 742 F.2d at 155 (quoting Schnitzel, 567 F.2d at 539-40 (citing types of exceptional circumstances that could warrant expungement)). Even under Allen, potential future harm to employment opportunities is not the kind of exceptional circumstance justifying equitable expungement.

### III. CONCLUSION

Accordingly, although the Court applauds Hines's achievements, under Kokkonen it lacks jurisdiction to grant the relief he seeks. Moreover, if jurisdiction did exist, the facts in this case do not present the exceptional circumstances required by Allen to warrant

expungement. Consequently, the Court **DENIES** Hines's motion (dkt. no. 433), and **DIRECTS** the Clerk to transmit copies of this memorandum opinion and order to the pro se defendant and counsel of record, certified mail and return receipt requested.

DATED: August 10, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
